On the Michael C. Wenzel, State Bar No. 215388
Mika J. Frisk, State Bar No. 305139
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email: mwenzel@bfesf.com
           mfrisk@bfesf.com

Attorneys for Defendants
SEQUOIA UNION HIGH SCHOOL DISTRICT,
STEPHEN EMMI and NICK MUYS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.C., by and through his Guardian ad Litem, MYISCHA THOMPSON; D.B., by and through his Guardian ad Litem, LIBRA WHITE,<br><br>        Plaintiffs,<br><br>v.<br><br>TOWN OF ATHERTON, a municipal corporation; DAVID METZGER, individually and in his official capacity as a police sergeant for the TOWN OF ATHERTON; DIEGO ROMERO, individually and in his official capacity as a police officer for the TOWN OF ATHERTON; IGOR DAVIDOWICH, individually and in his official capacity as a police officer for the TOWN OF ATHERTON; JOSHUA GATTO, individually and in his official capacity as a police officer for the TOWN OF ATHERTON; DIMITRI ANDRUHA, individually and in his official capacity as a police officer for the TOWN OF ATHERTON; SEQUOIA UNION HIGH SCHOOL DISTRICT, a municipal corporation; STEPHEN EMMI, individually and in his official capacity, NICK MUYS, individually and in his official capacity, and DOES 1-100, inclusive, individually, jointly, and severally,<br><br>        Defendants. | Case No. 3:24-cv-00507<br><br>**DEFENDANTS SEQUOIA UNION HIGH SCHOOL DISTRICT, STEPHEN EMMI AND NICK MUYS' REPLY TO PLAINTIFF K.C.'S OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:   June 25, 2024<br>Time:  10:00 a.m.<br>Crtrm: Courtroom 15, 18th Floor<br><br><br><br>**Hon. Rita F. Lin** |

# TABLE OF CONTENTS

I.      SUMMARY OF ARGUMENT ...........................................................................................1

II.     INTRODUCTION ........................................................................................................1

III.    LEGAL ARGUMENT ...................................................................................................2

        A.      The FAC Is Unsupported By Sufficient Facts To State The Claims Against the
                District Defendants and the Subject Claims Should Be Dismissed Under Rule
                12(b)(6) .................................................................................................................2

        B.      The Fourth Claim as to MUYS is Unsupported By the Facts to State a Negligence
                Claim. ....................................................................................................................3

        C.      The Fifth Claim For Assault And Battery as to EMMI Is Unsupported By Facts ..................4

        D.      The Sixth Claim For Intentional Infliction Of Emotional Distress against EMMI is
                Unsupported by the Facts...........................................................................................6

        E.      The Seventh Claim For Relief For Violation Of Civil Code §52.1 against EMMI Is
                Meritless ................................................................................................................7

        F.      The Eighth Claim For Relief For Violation Of Civil Code §51.7 against EMMI Is
                Meritless ................................................................................................................8

        G.      Plaintiff's Fifth, Seventh and Eighth Claims for Assault and Battery and Violations of
                the Bane Act and Ralph Act are Barred by His Failure to Comply with the
                Government Claims Act. ..........................................................................................9

        H.      The Tenth and Eleventh Causes of Action under Section 504 of the Rehabilitation Act
                and Title II of the Americans with Disabilities Act, respectively, Fail to State Claims
                for Discrimination. ................................................................................................10

        I.      Plaintiff's Prayer For Punitive Damages Against The DISTRICT Is Improper and
                Unsupported by the Facts as to EMMI and MUYS........................................................11

IV.     CONCLUSION.........................................................................................................12

DISTRICT DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT
*K.C., et al. v. Town of Atherton, et al.*, USDC Northern District of California Case No. 3:20-cv-00507

1

**TABLE OF AUTHORITIES**

2

<u>Cases</u>

3

*Ashcraft v. Iqbal,*
    556 U.S. 662 (2009)............................................................................................................3

4

*Ashcroft v. Iqbal*
    556 U.S. 662, 678 (2009)..................................................................................................1

5

6

*Bell Atlantic Corporation  v. Twombly*
    550 U.S. 544 (2007)..........................................................................................................1

7

*Cabesuela v. Browning-Ferris Industry*
    68 Cal.App.4th 101...........................................................................................................8

8

9

*Christensen v. Superior Court*
    (1991) 54 Cal.3d 868........................................................................................................7

10

*Clifford v. Regents of Univ. of California,*
    2012 WL 1565702 (E.D. Cal. Apr. 30, 2012)..................................................................9

11

12

*Corales v. Bennett,*
    567 F.3d 554 (9th Cir. 2009) ...........................................................................................9

13

*Fall River Joint Unified School District v. Superior Court*
    206 Cal. App. 3d 431......................................................................................................11

14

*Fletcher v. Western Life Ins. Company*
    (1970) 10 Cal.App.3d 376................................................................................................7

15

16

*Girard v. Ball*
    (1981) 125 Cal.App.3d 772..............................................................................................7

17

*Gottschalk v. City & Cnty. of San Francisco,*
    964 F.Supp.2d 1147 (N.D. Cal. 2013).............................................................................9

18

19

*Huggins v. Longs Drug Stores California, Inc.*
    (1993) 6 Cal.4th 124.........................................................................................................4

20

*In re Century Aluminum Co. Securities Litigation,*
    729 F.3d 1104 (9th Cir. 2013) .........................................................................................3

21

22

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,*
    507 U.S. 163 (1993)..........................................................................................................3

23

*Lofton v. City of Los Angeles*
    (2023 Cal. Super. LEXIS 10317)...................................................................................10

24

25

*M.W. v. Panama Buena Vista Union School District*
    110 Cal. App. 4th 508.......................................................................................................4

26

*Moss v. U.S. Secret Servs.,*
    572 F.3d 962 (9th Cir. 2009) ...........................................................................................3

27

28

1

*Potter v. Firestone Tire & Rubber Co*mpany
    6 Cal. 4th 965 ...................................................................................................... 6

*Sandoval v. Cnty. of Sonoma,*
    2016 WL 612905 (N.D. Cal. Feb. 16, 2016) ....................................................... 9

*Turman v. Turning Point of Central California, Inc.*
    (2010) 191 Cal.App.4th 53 ................................................................................... 13

*Turner v. State of Cal.,*
    232 Cal.App.3d 883 (1991) ................................................................................. 11

*Wintaro v. America Electronics Components, Inc.*
    274 F.3d 1276 (2001) ............................................................................................. 9

*Zukle v. Regents of University of California*
    166 F.3d 1041 ...................................................................................................... 12

DISTRICT DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
*K.C., et al. v. Town of Atherton, et al.*, USDC Northern District of California Case No. 3:20-cv-00507

1

## I.      SUMMARY OF ARGUMENT

Plaintiff K.C.'s First Amended Complaint ("FAC") is subject to dismissal because Plaintiff K.C. fails to meet his pleading burden to state facts showing a plausible right to relief on each of the claims asserted against the SEQUOIA UNION HIGH SCHOOL DISTRICT (the "DISTRICT"), STEPHEN EMMI and NICK MUYS (collectively "District Defendants"). (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).)  Plaintiff D.B. brings no claims against the District Defendants and thus D.B.'s claims are not at issue in this Motion. Specifically, dismissal of Plaintiff K.C.'s FAC is warranted because:

(1)     The fourth claim for negligence is unsupported by facts to state a claim against MUYS;

(2)     The fifth claim for assault and battery is unsupported by facts to state a claim against EMMI;

(3)     The sixth claim for intentional infliction of emotional distress is unsupported by facts to state a claim against EMMI;

(4)     The seventh claim for violation of Civil Code §52.1 is unsupported by facts to state a claim against EMMI;

(5)     The eighth claim for violation of Civil Code §51.7 is unsupported by facts to state a claim against EMMI;

(6)     Plaintiff K.C.'s fifth, seventh and eighth claims for assault and battery, violations of the Bane Act and Ralph Act are barred by his Failure to Comply with the Government Claims Act;

(7)     The tenth and eleventh claims fail to state claims for discrimination against the DISTRICT under Section 504 of the Rehabilitation Act and Title II of the ADA; and

(8)     The FAC's prayer for punitive damages is unsupported by the facts as to EMMI and MUYS.

## II.      INTRODUCTION

This case arises from two separate incidents: one that occurred on campus at Menlo Atherton High School ("MAHS") involving an interaction between MAHS administrators employed by the DISTRICT and a second, and subsequent, alleged incident that occurred off campus with TOWN OF ATHERTON ("TOWN") police officers, involving alleged excessive force and the police detention of

DISTRICT DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
*K.C., et al. v. Town of Atherton, et al.*, USDC Northern District of California Case No. 3:20-cv-00507

Plaintiff K.C. The nature of the two incidents differs greatly, as outlined in Plaintiffs' FAC. Yet, Plaintiff K.C. attempts to hold DISTRICT individuals, EMMI and MUYS, liable for the conduct of others by broadly framing numerous allegations using the term "Defendants," thus ignoring Government Code Section 820.2, which states that public employees are not liable for an injury caused by the act or omission of another person.

Further, Plaintiff K.C.'s Opposition to the instant Motion to Dismiss the FAC ignores many of the arguments that form the basis of the District Defendants' Motion and therefore fails to provide a valid basis to withstand dismissal of Plaintiff K.C.'s claims against the District Defendants. Plaintiff K.C.'s Opposition ignores Supreme Court and Ninth Circuit authority requiring him to state *facts* to show a plausible right to relief on each of his claims and incorrectly argues that his conclusory assertions suffice to satisfy his pleading burden. Plaintiff K.C.'s opposition relies on, and cites to, case authorities that do not stand for the proposition Plaintiff represents or is not at issue in the instant motion. Plaintiff cannot circumvent well-settled authority requiring him to state facts showing a plausible right to relief on each of the claims asserted, and he makes no showing at all as to how the FAC could be amended to cure the defects in the FAC. Instead, Plaintiff K.C. makes contentions that are not reflected in the FAC and thus such arguments should be disregarded.

### III.    LEGAL ARGUMENT

**A.    The FAC Is Unsupported By Sufficient Facts To State The Claims Against the District Defendants and the Subject Claims Should Be Dismissed Under Rule 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter… to 'state a claim to relief that is plausible on its face.' … A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. … The [allegations must show] more than a sheer possibility that a defendant has acted unlawfully." (*Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Servs.*, 572 F.3d 962, 969 (9th Cir. 2009).) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (*Iqbal,* 556 U.S. at 678-679.) "'It is not … proper to assume that the plaintiff can prove facts that it has not alleged or that the defendants have violated the … law in ways that have not been alleged.'" (*Bell*

1   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, fn. 8, emphasis added.) Plaintiff is required to set forth facts

2   "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

3   (*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993).) It is

4   not enough that plaintiffs "*might* later establish some set of undisclosed facts to support recovery." (*Twombly,*

5   550 U.S. at 561.) "[P]laintiffs must do more than allege facts that are merely consistent with both" the

6   plaintiffs' and defendants' competing explanations. (*In re Century Aluminum Co. Securities Litigation,* 729

7   F.3d 1104-1105 (9th Cir. 2013).) Allegations that remain stuck in "neutral territory" are inadequate. (*Id* .at

8   1108.) Where plaintiff's version of the incident is merely *possible* rather than plausible, the allegations are

9   insufficient to withstand dismissal. (*Id.*)

10      Plaintiff K.C.'s FAC fails to state facts sufficient to state the following claims: the fourth claim

11   against MUYS; the fifth, sixth, seventh and eighth claims against EMMI; and the tenth and eleventh claims

12   against the DISTRICT. Plaintiff K.C.'s factually unsupported conclusions are insufficient and the FAC

13   should be dismissed.

14      **B.      The Fourth Claim as to MUYS is Unsupported By the Facts to State a Negligence
             Claim.**

15      To state a claim for negligence under California law, a plaintiff must allege: 1) a duty of care; 2)

16   breach of that duty; 3) injury resulting from that breach; and 4) compensable damages. (See, e.g.,

17   *Huggins v. Longs Drug Stores California, Inc.* (1993) 6 Cal.4th 124, 129.)

18      Plaintiff K.C., citing to *M.W. v. Panama Buena Vista Union School Dist.*, 110 Cal. App. 4th 508,

19   states that school districts are entrusted with safeguarding their students, owing them a duty of protection

20   due to the special relationship formed. However, *M.W.* involved a sexual assault against a student by

21   another fellow student, where the court held that the school district owed the Plaintiff student a duty of

22   care to protect him from a foreseeable sexual assault. (*Id.* at 511.) Relying on *M.W.*, an inapplicable

23   standard of care, Plaintiff K.C. argues that a negligence claim is sufficiently plead as to Defendant

24   MUYS because the FAC alleges MUYS breached his duty of due care apparently because MUYS was

25   "aware of K.C.'s mental impairment and vulnerable status." (Opposition, p. 6, lines 5-7.) Plaintiff K.C.

26   further argues that MUYS' "failure to act prudently constitutes a breach of duty[.]" (Opposition, p. 6,

27   lines 5-7.)

28

DISTRICT DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT
*K.C., et al. v. Town of Atherton, et al.*, USDC Northern District of California Case No. 3:20-cv-00507

However, Plaintiff K.C.'s position as to these conclusory allegations fails to address the relevant arguments set forth in the moving papers, namely, that there are no *facts* identifying specific conduct attributable to MUYS as to *how* he breached a duty of care and that liability as to MUYS cannot be premised on the conduct of others, and thus the multiple allegations pertaining to "Defendants" are not sufficient.

Plaintiff K.C., citing to Paragraph 57 of the FAC, argues that "Defendant MUYS, aware of K.C.'s mental impairment and vulnerable status, allegedly failed to exercise due care, resulting in injuries to K.C. and another minor, D.B." (Opposition, p. 6, lines 5-7.) First, D.B.'s claim for negligence is only brought against Defendants METZGER and ROMERO, thus any reference to EMMI and Plaintiff D.B. are immaterial. Secondly, the FAC itself states that "Defendants" injured Plaintiffs and that the "wrongful conduct of Defendants . . . did not comply with the standard of care to be exercised by reasonable persons, proximately causing Plaintiffs to suffer injuries." (FAC ¶ 57.) However, the only specific allegations as to MUYS is that he "intervened and stepped in" between K.C. and EMMI during their interaction over the water toy, that MUYS said "no" when K.C. asked him if they could discuss the situation elsewhere and that MUYS told K.C. to leave the office. In his Opposition, K.C. fails to point to any specific facts attributable to MUYS alleging what MUYS did to breach an applicable duty of care to Plaintiff K.C. and how his injuries resulted from same.

Simply stating that the failure to act prudently constitutes a breach of duty is not sufficient to meet the pleading standard and to maintain a claim against MUYS. No facts are stated in the FAC showing the elements of a negligence claim against MUYS to show a plausible right to relief on this basis and thus this sole claim against MUYS should be dismissed.

### C.    The Fifth Claim For Assault And Battery as to EMMI Is Unsupported By Facts

Plaintiff K.C.'s claim for assault and battery is unsupported by facts to state a claim for assault and battery against EMMI as no facts are stated showing any unlawful intent to inflict immediate injury on Plaintiff K.C. or intentional, unlawful and harmful contact by EMMI. In his Opposition, Plaintiff acknowledges that "[f]ailure to diligently pursue the case or adequately describe the defendant's conduct can lead to dismissal. (Opposition, p. 6, lines 25-26, citing *Landry v. Berryessa Union School Dist.* 39

Cal. App. 4th 691). Nonetheless, the FAC fails to describe EMMI's alleged conduct that would support an assault and battery claim, both of which are intentional torts.

Plaintiff argues that without K.C.'s consent, EMMI "physically engaged with K.C., resulting in a battery when **forcefully pushing him** during the retrieval of the water toy." [Emphasis added.] (Opposition, p. 6, lines 5-7.) However, that is not what the FAC alleges; the FAC alleges that EMMI "**pushed into** Plaintiff K.C. while Plaintiff K.C. tried to reach to retrieve his water toy from the school secretary." [Emphasis added.] (FAC ¶ 61.) The FAC's sole allegation of physical contact is that EMMI "pushed into" (i.e., blocked) Plaintiff K.C., as K.C. attempted to reach for his water toy that he was told he could not have.  It should be noted that the allegations against the TOWN officers include slamming K.C. into the ground, shoving a knee in his back while handcuffing him, and dragging him to a police car. However, EMMI, a public employee cannot be liable for the conduct of anyone else, including the TOWN officers and Plaintiff must state facts showing the individual liability of each defendant. (Govt. Code §820.2.)

As to the assault claim, Plaintiff K.C. appears to argue that his assault claim against EMMI is sufficiently plead and states that EMMI's "deliberate actions, indicative of an intention to cause harm, created a situation where Plaintiff K.C. reasonably feared imminent harm." (Opposition, p. 6, lines 27-28.) Yet the FAC continues to combine all Defendants' conduct and alleges, "Defendants METZGER, ROMERO, DAVIDOVICH, GATTO, and EMMI acted with intent to cause harmful or offensive contact or threatened to touch Plaintiff K.C. in a harmful or offensive manner. Plaintiff K.C. reasonably believed he was about to be touched in a harmful or offensive manner. It reasonably appeared to Plaintiff K.C. that Defendants were about to carry out the threat. Plaintiff K.C. did not consent to Defendants' harmful contact." (FAC ¶ 61.)  While the FAC recites the elements of an assault claim, there are no specific facts supporting any such conduct on behalf of EMMI, as discussed above.

The FAC states no facts that EMMI, in his brief dealing with Plaintiff K.C. over the water toy, acted with any intent to cause harmful or offensive contact with K.C. or threaten same. The FAC also does not allege that EMMI intentionally threatened to touch K.C. in a harmful or offensive manner, nor does it allege that K.C. reasonably believed he was about to be touched in a harmful or offensive manner

1    specifically by EMMI or that it reasonably appeared to him that EMMI was about to carry out the threat.

2    There are no facts in the FAC suggesting EMMI committed any acts that "could or was intended to

3    inflict immediate injury" on K.C. and therefore the facts plead are insufficient to state a claim for assault

4    as to EMMI. Plaintiff's Opposition does not respond to this point and instead Plaintiff, without citing to

5    the FAC argues that "Defendant EMMI's deliberate actions, indicative of an intention to cause harm,

6    created a situation where Plaintiff K.C. reasonably feared imminent harm." (Opposition, p. 6, lines 27-

7    28.) The factual allegations of the FAC are insufficient to support assault or battery claims against

8    EMMI.

9        **D.    The Sixth Claim For Intentional Infliction Of Emotional Distress against EMMI is
            Unsupported by the Facts**

10

11        Plaintiff K.C., citing to *Potter v. Firestone Tire & Rubber Co*., 6 Cal. 4th 965, appears to argue

12   that a different criterion applies for intentional infliction of emotional distress ("IIED") claims "[i]n the

13   context of special education cases within the 9th circuit jurisdiction." (Opposition, p. 7, lines 11-12.)

14   However, Plaintiff K.C. cites to no authority supporting the proposition that a different standard applies

15   in special education cases. In *Potter*, a case involving the dumping of toxic substances, the California

16   Supreme Court reaffirmed the *Christensen* Requirements for Intentional Infliction of Emotional Distress

17   claims: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless

18   disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme

19   emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's

20   outrageous conduct. (*Christensen v. Superior Court* (1991) 54 Cal.3d 868, 903.) Severe emotional

21   distress means "emotional distress of such substantial quality or enduring quality that no reasonable

22   [person] in civilized society should be expected to endure it." (*Girard v. Ball* (1981) 125 Cal.App.3d 772,

23   787-788, citing *Fletcher v. Western Life Ins. Co.* (1970) 10 Cal.App.3d 376, 397; see Rest.2d Torts, § 46,

24   com. j, p. 78 ["distress must be reasonable and justified under the circumstances"].)

25        The FAC states no facts showing outrageous conduct by EMMI, or any facts showing intentional

26   or reckless disregard by EMMI of the probability of causing severe emotional distress to Plaintiff K.C.

27   The FAC states only EMMI's conduct in "confronting, demeaning, and physically pushing into Plaintiff

28

DISTRICT DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT
*K.C., et al. v. Town of Atherton, et al.*, USDC Northern District of California Case No. 3:20-cv-00507

K.C., despite being aware of Plaintiff K.C.'s disabilities" after Plaintiff K.C. asked to retrieve his water toy was "extreme, unreasonable, and outrageous." (FAC ¶ 67.) Here, the allegations against EMMI are plainly insufficient to maintain an IIED claim against him. Refusing to return a water toy to Plaintiff K.C. and allegedly blocking his path when Plaintiff K.C. insisted on obtaining it, does not constitute outrageous conduct that is so extreme as to "exceed all bounds of that usually tolerated in a civilized society."

The FAC further states, "In engaging in the above-described conduct, **Defendants** intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiffs would suffer extreme emotional distress as a result." [Emphasis added.] (FAC ¶ 69.) The allegations of the FAC fail to show unreasonable conduct by EMMI, much less, outrageous conduct or intentional or reckless disregard of causing severe emotional distress as to Plaintiff K.C.  Moreover, K.C.'s generalized allegations relating to "Defendants" are again improper, as EMMI is not liable for the conduct of the TOWN law enforcement personnel or anyone else. (Govt. Code § 820.8.) The IIED claim is unsupported by facts to state a claim against EMMI.

### E.    The Seventh Claim For Relief For Violation Of Civil Code §52.1 against EMMI Is Meritless

Plaintiff K.C. cites to several non-binding cases in support of his proposition that discriminatory intent is not a required element of a Bane Act claim and that the "crux of a Bane Act claim lies in the assertion that the defendants attempted to prevent the plaintiff from exercising a legal right or coerced them into performing an action not required by law." (Opposition, p. 8, lines 12-14.)

Specifically, Plaintiff K.C. states, "[a]pplying these legal principles to Defendant EMMI's case reveals a pattern of confrontational behavior and physical aggression towards Plaintiff K.C." (Opposition, p. 8, lines 19-20.) Plaintiff K.C., ignoring the clearly enumerated elements of a 52.1 claim, argues that by physically obstructing K.C. and "forcibly pushing him," EMMI disregarded K.C.'s autonomy and dignity and that "this interference not only undermined K.C.'s sense of security but also constituted an affront to his inherent rights as a student with disabilities." (Opposition, p. 8, lines 23-26.)

To state a claim under §52.1, "Plaintiff **must plead facts showing violence or intimidation by**

1    **threat of violence by the accused defendant**." (*Cabesuela v. Browning-Ferris Indus.,* 68 Cal.App.4th

2    101, 111 (1998); *see also Wintaro v. America Electronics Components, Inc.*, 274 F.3d 1276 (2001).)

3    Speech alone is insufficient… [unless] the speech itself…threaten[s] violence and places the victim in

4    reasonable fear of violence. (*Clifford v. Regents of Univ. of California,* 2:11–CV–02935–JAM–GGH,

5    2012 WL 1565702, *9 (E.D. Cal. Apr. 30, 2012), aff'd, 584 F.App'x 431 (9th Cir. 2014); *Sandoval v.*

6    *Cnty. of Sonoma,* 11-CV-05817-TEH, 2016 WL 612905, at *2 (N.D. Cal. Feb. 16, 2016).)  To withstand

7    dismissal, "a plaintiff must allege that the defendant engaged in violence or threat of violence."

8    (*Gottschalk v. City & Cnty. of San Francisco,* 964 F.Supp.2d 1147, 1163 (N.D. Cal. 2013), citing

9    *Corales v. Bennett,* 567 F.3d 554, 564, 570-571 (9th Cir. 2009); §52.1(j).)

10            Here, the FAC states no facts showing that EMMI used violence or threatened to use violence

11   against Plaintiff K.C. *at any point*. Moreover, Plaintiff K.C.'s argument that EMMI forcibly pushed K.C.

12   falls outside of the pleadings, as no such allegation is present in the FAC. The FAC alleges only that

13   EMMI grabbed the water toy (which Plaintiff was not holding), when K.C. *attempted* to retrieve it. It

14   further alleges that EMMI "physically pushed into" K.C.'s body, *not* that EMMI *pushed* K.C. No facts

15   are alleged showing any violence or threats of violence by EMMI and the allegations are wholly

16   inadequate to support a §52.1 claim against EMMI. Further, the FAC alleges that EMMI "interfered with

17   and demonstrated a reckless disregard for Plaintiff K.C.'s right to be protected from bodily restraint,

18   harm, or personal insult by physically blocking and pushing into Plaintiff K.C. when Plaintiff K.C. tried

19   to reach to retrieve his water toy from the school secretary." (FAC ¶ 75.) Factually unsupported

20   conclusions and recitation of the elements of a §52.1 claim are insufficient.

21        **F.      The Eighth Claim For Relief For Violation Of Civil Code §51.7 against EMMI Is
                    Meritless**

22

23            The Ralph Act provides that "[a]ll persons within the jurisdiction of this state have the right to be

24   free from any violence, or intimidation by threat of violence, committed against their persons or property

25   because of" their disability (Civil Code Sections 51(b), 51.7.) For a Ralph Act claim, Plaintiff must

26   plead: (1) That defendant committed a violent act against Plaintiff; (2) That a substantial motivating

27   reason for defendant's conduct was defendant's perception of Plaintiff's protected status; (3) That

28

DISTRICT DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT
*K.C., et al. v. Town of Atherton, et al.,* USDC Northern District of California Case No. 3:20-cv-00507

1  Plaintiff was harmed; and (4) That defendant's conduct was a substantial factor in causing Plaintiff's

2  harm. (Civil Code section 51.7; CACI 3063.)

3       Again, citing to a non-binding Superior Court case (*Lofton v. City of L.A.* (2023 Cal. Super.

4  LEXIS 10317), Plaintiff K.C. argues that the *Lofton* court "established that allegations of racially-

5  motivated physical assault constitute a violation of the Ralph Civil Rights Act." (Opposition, p. 9, lines

6  8-10.) However, there are no allegations whatsoever in the FAC that any alleged conduct by EMMI was

7  racially-motivated and thus such argument should be disregarded.

8       Plaintiff K.C. next argues, in a conclusory matter, that EMMI's conduct "exemplifies a violation

9  of the Ralph Civil Rights Act by demonstrating a prejudiced attitude towards Plaintiff K.C. due to his

10 mental impairment." (Opposition, p. 9, lines 14-16.) In fact, the FAC alleges, <u>upon information and</u>

11 <u>belief</u>, that EMMI's conduct was motivated by prejudice against Plaintiff K.C. because of K.C. mental

12 impairment. (FAC ¶ 80.) However, the FAC contains no factual allegations to support such a contention

13 based on information and belief.

14      Notably, Plaintiff K.C.'s Opposition fails to point to sufficient factual allegations, which are

15 actually contained in the FAC, to support the elements of a Ralph Act claim, including the happening of a

16 violent act perpetrated by EMMI against Plaintiff K.C. Lastly, Plaintiff's K.C.'s arguments in his

17 Opposition regarding the need for "systematic reform within educational institutions" and the necessity

18 for legal redress "to ensure the equitable treatment of students like Plaintiff K.C." (See Opposition, p. 9,

19 lines 25-27.) should be disregarded as they have no bearing to the issue at hand, which is the sufficiency

20 of the Ralph Act claim plead against EMMI.

21   **G.   Plaintiff's Fifth, Seventh and Eighth Claims for Assault and Battery and Violations of**
22        **the Bane Act and Ralph Act are Barred by His Failure to Comply with the Government**
        **Claims Act.**

23        "[T]he factual circumstances set forth in the written claim must correspond with the facts alleged

24 in the complaint; even if the claim were timely, the complaint is vulnerable to a demurrer or motion for

25 judgment on the pleadings if it alleges a factual basis for recovery which is not fairly reflected in the

26 written claim." (*Fall River Joint Unified School District v. Superior Court*, 206 Cal. App. 3d 431, 434,

27 (1988); *Turner v. State of Cal.,* 232 Cal.App.3d 883, 888 (1991).)  In fact, in his Opposition, Plaintiff

28

9

DISTRICT DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT
*K.C., et al. v. Town of Atherton, et al.,* USDC Northern District of California Case No. 3:20-cv-00507

K.C. acknowledges the necessity of factual alignment between the written claim and the subsequent complaint. (Opposition, p. 10, lines 25-26.)

Plaintiff K.C. argues that the comprehensive detailing of facts in his Government Claim serves its intended purposes and provided the District with notice. (Opposition, p. 11, lines 6-8.) However, Plaintiff K.C. fails to address the stark inconsistencies as to the key issues forming the basis of the assault and battery, Bane and Ralph Act claims. This key issue, which is left unaddressed in Plaintiff K.C.'s Opposition, is the issue of physical contact between EMMI and K.C.

Plaintiff K.C.'s Claim presented to the DISTRICT on or about October 24, 2023 included no reference to assault and battery, §52.1 or §51.7 claims against EMMI or factual allegations to assert same. (See Plaintiff's K.C.'s Claim Form attached to the District Defendants' Request For Judicial Notice ("RFJN") as Exhibit A.) Notably, none of the facts set forth in K.C.'s Claim reflect allegations of any physical conduct by EMMI, let alone any violence or threats of violence by EMMI. K.C.'s Claim states that EMMI "physically blocked K.C. from retrieving his 'water toy,' *causing K.C. to bump into him*" and that *K.C.* shouted at EMMI in the main office. [Emphasis added.] (See RFJN, Exhibit A, p. 3, paragraph 2.) The FAC repeatedly uses the terms "pushed into." Now, in his Opposition, Plaintiff K.C. alleges for the first time that EMMI "forcibly pushed" Plaintiff K.C. Plaintiff K.C. should not be permitted to circumvent the Government Claim requirements in this manner.

Thus, the claim presented did not fairly reflect claims of assault and battery, violations of Civil Code Sections 52.1 and 51.7 as to EMMI and these claims do not correspond with the claims and factual circumstances set forth in his "comprehensive" and detailed written claim. The DISTRICT was not put on notice of such allegations involving EMMI and therefore, the claims should not be permitted to proceed. Plaintiff K.C.'s claims for assault and battery, Civil Cide Sections 52.1 and 51.7 against EMMI are therefore barred by K.C.'s failure to file a timely claim.

### H. The Tenth and Eleventh Causes of Action under Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act, respectively, Fail to State Claims for Discrimination.

In order to state a claim under Title II and Section 504, a plaintiff must allege that: (1) he is an individual with a disability under the Act; (2) he is "otherwise qualified" to participate in or receive the

DISTRICT DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
*K.C., et al. v. Town of Atherton, et al.*, USDC Northern District of California Case No. 3:20-cv-00507

benefit of the entity's services, programs, or activities, *i.e.*, he meets the essential eligibility requirements of the entity, with or without reasonable accommodation; (3) he was either excluded from participation in or denied the benefits of the entity's services, programs, or activities, or was otherwise discriminated against by the public entity **solely by reason of his disability**; and (4) the entity is a public entity (for the ADA claim) or receives federal financial assistance (for the Rehabilitation Act claim). (*Zukle v. Regents of University of California*, 166 F.3d 1041, 1045 (9th Cir. 1999).)

The FAC alleges that Plaintiff K.C. is a qualified individual with a disability and that the DISTRICT discriminated against K.C. by failing to provide an appropriate education (FAC ¶¶ 88-89.) It further alleges, in a conclusory fashion, that the discrimination "was based on" K.C.'s intellectual disability and emotional disturbance" and that the DISTRICT discriminated against K.C. by failing to provide him with an appropriate education. (FAC ¶¶ 90-91, 100, 102.) However, despite the FAC's conclusory information and belief allegations, the actual facts are lacking that any alleged discriminatory acts by the DISTRICT against K.C. were because of, or by reason of, his disability. Plaintiff's Opposition fails to point to facts supporting this requisite element and instead makes conclusory arguments that the DISTRICT discriminated against K.C. because of his disability. Therefore, Plaintiff K.C.'s tenth and eleventh causes of action for discrimination must be dismissed as to the DISTRICT.

I.   **Plaintiff's Prayer For Punitive Damages Against The DISTRICT Is Improper and Unsupported by the Facts as to EMMI and MUYS.**

Plaintiff K.C. concedes that a prayer for punitive damages against the DISTRICT is improper. (Opposition, p. 12, lines 23-24.) Thus, the prayer for punitive damages against the DISTRICT should be dismissed with prejudice.

Plaintiff K.C. maintains that the claims for punitive damages against EMMI and MUYS are sufficiently supported by the facts. However, this is not the case. To state a claim for punitive damages against individuals, a plaintiff "must include allegations that the defendant has been guilty of oppression, fraud or malice." (*Turman v. Turning Point of Central California, Inc.* (2010) 191 Cal.App.4th 53, 63.) Oppression means conduct subjecting persons to "cruel and unusual hardship in conscious disregard of that person's rights. (*Id.*) Fraud is "an intentional misrepresentation, deceit, or concealment of a material

DISTRICT DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
*K.C., et al. v. Town of Atherton, et al.*, USDC Northern District of California Case No. 3:20-cv-00507

fact" intended to deprive someone "of property or legal rights or otherwise causing injury." (*Id*.)  Malice constitutes conduct intended "to cause injury to plaintiff, or despicable conduct . . . with a willful and conscious disregard for the rights or safety of others." (*Id*.)

The FAC's allegations do not rise to the level of constituting any of the required elements described above.  Plaintiff K.C.'s allegations about EMMI surround his brief interactions with K.C. in the MAHS office over a water toy. The FAC alleges that EMMI "pushed into" K.C., as K.C. attempted to retrieve a water toy that he was told could not be released to him. Plaintiff's only allegations regarding MUYS are that he intervened between K.C. and EMMI to attempt to diffuse the situation, that MUYS said "No" when K.C. asked to discuss the situation elsewhere and that MUYS asked K.C. to leave the office. None of these allegations rise to the high bar required to show oppression, fraud, or malice to award punitive damages against either of them.  Plaintiff K.C.'s claims for punitive damages against the DISTRICT, EMMI and MUYS should be dismissed with prejudice.

## IV.   CONCLUSION

The District Defendants respectfully submit that their Motion to Dismiss Plaintiffs' First Amended Complaint should be granted.

Dated:  May 31, 2024                              BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

                                                          By: */s/ Mika J. Frisk*_____
                                                                Michael C. Wenzel
                                                                Mika J. Frisk
                                                                Attorneys for Defendants
                                                                SEQUOIA UNION HIGH SCHOOL DISTRICT,
                                                                STEPHEN EMMI and NICK MUYS