UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.C., et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>TOWN OF ATHERTON, et al.,<br><br>        Defendants. | Case No. 24-cv-00507-RFL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

    Plaintiff K.C. asserts various federal and state law claims against Defendants Sequoia Union High School District (the "District"), as well as two of its vice principals, Stephen Emmi and Nick Muys (collectively, "Defendants"). Defendants' motion to dismiss the First Amended Complaint ("FAC") for failure to state a claim is granted in part and denied in part. This ruling assumes the reader is familiar with the facts, the applicable legal standards, and the arguments made by the parties.

    *Assault and battery*. The motion to dismiss the assault and battery claims against Emmi is denied. K.C. alleges that while he attempted to retrieve his water toy from the school's secretary, Emmi "suddenly came out of his office," instructing the secretary not to return the toy. (FAC ¶ 24.) K.C. also alleges that Emmi then escalated the situation by speaking to K.C. "in a demeaning and confrontational manner," "repeatedly telling him that he was not going to get his toy," and "loudly stat[ing], 'Who is the adult here?'" (*Id.*) When K.C. subsequently reached for the toy, Emmi allegedly physically blocked and "forcibly grabbed the toy and physically pushed into" K.C.'s body. (*Id.*; *see also id.* ¶ 75.) These allegations are enough to plausibly infer that

1

Emmi touched K.C. in a harmful or offensive manner with the intent to do so. *See So v. Shin*, 151 Cal. Rptr. 3d 257, 269 (Ct. App. 2013); *see also People v. Colantuono*, 865 P.2d 704, 709 n.4 (Cal. 1994) ("It has long been established, both in tort and criminal law, that the least touching may constitute battery." (cleaned up)). In view of the FAC's plausible allegations, whether a reasonable person would find Emmi's contact to be harmful or offensive, and whether Emmi in fact acted with intent, are issues not suited for resolution on the pleadings. *See Bolbol v. Rowell Ranch Rodeo, Inc.*, No. 23-CV-01652-VC, 2024 WL 3925705, at *3–4 (N.D. Cal. Aug. 22, 2024).

*Intentional infliction of emotional distress.* The motion to dismiss the claim for intentional infliction of emotional distress against Emmi is denied. As with the assault and battery claims, this claim is based on Emmi's alleged conduct of "confronting, demeaning, and physically pushing into" K.C. in response to his attempt to retrieve his water toy. (FAC ¶ 67.) K.C. also alleges that he is a minor with an intellectual disability and emotional disturbance (*id.* ¶¶ 7, 21), and that Emmi was aware of his disabilities (*id.* ¶ 67). The allegations plausibly suggest that Emmi at least recklessly disregarded a probability of causing emotional distress. *See Yau v. Santa Margarita Ford, Inc.*, 176 Cal. Rptr. 3d 824, 836 (Ct. App. 2014). Likewise, given the plausible allegation that Emmi was aware of K.C.'s vulnerability as a result of his disabilities and minor status, the outrageousness of Emmi's conduct cannot be resolved on a motion to dismiss. *See Duronslet v. County of Los Angeles*, 266 F. Supp. 3d 1213, 1219 (C.D. Cal. 2017) ("Whether conduct is 'extreme and outrageous' is a question of fact for a jury to resolve unless reasonable minds could not differ on the issue." (quoting *Molko v. Holy Spirit Ass'n*, 762 P.2d 46, 63 (Cal. 1988))); *Spinks v. Equity Residential Briarwood Apartments*, 90 Cal. Rptr. 3d 453, 487 (Ct. App. 2009) (defendants failed to establish lack of outrageousness as a matter of law where the plaintiff was "particularly vulnerable at the time" of the alleged misconduct).

*Bane Act.* The motion to dismiss the claim under the Bane Act against Emmi is denied. "The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are

secured by federal or state law, where the interference is carried out 'by threats, intimidation or coercion.'" *Reese v. County of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) (quoting *Venegas v. County of Los Angeles*, 63 Cal. Rptr. 3d 741, 742 (Ct. App. 2007)). K.C. alleges that Emmi violated his "right to be protected from bodily restraint, harm, or personal insult" by "physically blocking and pushing into" K.C. (FAC ¶ 75.) That right is secured by California Civil Code § 43, which "essentially codifies" the torts of assault and battery, *Martinez v. County of Los Angeles*, No. CV226589, 2023 WL 8292454, at *2 (C.D. Cal. July 5, 2023), and "refers simply to an individual's right to be free from physical attack or the threat thereof." *Campbell v. Feld Ent., Inc.*, 75 F. Supp. 3d 1193, 1216 (N.D. Cal. 2014) (cleaned up) (collecting cases holding that Bane Act claims may be predicated on Cal. Civ. Code § 43 and declining to dismiss such claims as a matter of law).

Moreover, at this stage, K.C.'s allegations are sufficient to raise the plausible inference that a reasonable person could find that Emmi's conduct was threatening, coercive, or intimidating, *see Bolbol*, 2024 WL 3925705, at *2, and that Emmi's conduct showed a reckless disregard for K.C.'s rights. *See Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022) (specific intent under the Bane Act "are questions properly reserved for the trier of fact").

**Ralph Act.** The motion to dismiss the Ralph Act claim against Emmi is granted. "Under the Ralph Act, a plaintiff must establish the defendant threatened or committed violent acts against the plaintiff," and that "a motivating reason for doing so was a prohibited discriminatory motive." *Gabrielle A. v. County of Orange*, 217 Cal. Rptr. 3d 275, 294 (Ct. App. 2017). While the FAC alleges that Emmi was aware of K.C.'s disabilities, it lacks facts plausibly suggesting that Emmi "took the alleged actions because he was biased against or had an animus against disabled children." *See Austin B. v. Escondido Union Sch. Dist.*, 57 Cal. Rptr. 3d 454, 470 (Ct. App. 2007). Instead, K.C. alleges in a conclusory fashion that he "is informed and believes" that Emmi "was motivated by prejudice against Plaintiff K.C. because of his mental impairment." (FAC ¶ 80.) Even though a plaintiff may plead facts alleged upon information and belief, "that does not mean that conclusory allegations are permitted," and "[a]n allegation made on

3

information and belief must still be based on factual information that makes the inference of culpability plausible." *Menzel v. Scholastic, Inc.*, No. 17-CV-05499-EMC, 2018 WL 1400386, at *2 (N.D. Cal. Mar. 19, 2018) (cleaned up); *see also Kobayashi v. McMullin*, No. 219CV06591, 2022 WL 3137958, at *34 (C.D. Cal. May 31, 2022), *report and recommendation adopted as modified*, No. 219CV06591, 2022 WL 3226169 (C.D. Cal. Aug. 8, 2022) (collecting cases holding that conclusory allegations of a discriminatory motive are insufficient to state a Ralph Act claim).

*Compliance with the Government Claims Act.* Emmi alternatively seeks dismissal of the assault, battery, Bane Act, and Ralph Act claims for failure to comply with California's Government Claims Act. Dismissal on that basis is denied. The FAC asserts those causes of action based on the factual allegations that Emmi "physically block[ed]" K.C., "forcibly grabbed" the water toy, and "physically pushed into" K.C.'s body. (FAC ¶¶ 24, 61, 75.) These facts are fairly reflected in K.C.'s notice of claim, which stated that "Emmi physically blocked K.C. from retrieving his 'water toy', causing K.C. to bump into him" (Dkt. No. 21 at 6),[1] such that the District had sufficient notice to enable an adequate investigation. *See Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 99 P.3d 500, 502–03 (Cal. 2004) ("Where the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by the defendants, courts have generally found the claim fairly reflects the facts pled in the complaint."); Cal. Gov't Code § 910. This is therefore not a case in which there was a "complete shift in allegations." *See Stockett*, 99 P.3d at 503 (citation omitted). Nor was K.C. required to "list the legal theories [he] intend[ed] to bring against [Emmi] before filing a complaint." *Posey v. S.F. Unified Sch. Dist.*, No. 23-CV-02626-JSC, 2023 WL 8420895, at *5–6 (N.D. Cal. Dec. 4, 2023).

*Negligence.* The motion to dismiss the negligence claim against Muys is denied.

---

[1] Defendants' unopposed request for judicial notice of K.C.'s notice of claim is granted. *See Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 811 (N.D. Cal. 2019).

Schools have a special relationship with their students, and "school personnel owe students under their supervision a protective duty of ordinary care." *Achay v. Huntington Beach Union High Sch. Dist.*, 295 Cal. Rptr. 3d 867, 873 (Ct. App. 2022) (cleaned up).  Muys, as the school's vice principal, therefore "had a duty of care to protect [K.C.] from harm which was reasonably foreseeable while [K.C.] was on school grounds." *See Tasia R. v. Grossmont Union High Sch. Dist.*, No. 13CV2874, 2014 WL 3734475, at *6 (S.D. Cal. July 28, 2014); *Achay*, 295 Cal. Rptr. at 873 ("While neither school districts nor their employees are the insurers of the safety of their students, school districts do owe students a duty to use the degree of care which a person of ordinary prudence, charged with comparable duties, would exercise in the same circumstances." (cleaned up)).

K.C. has sufficiently alleged a breach of this duty of care.  K.C. alleges that he is a minor with an intellectual disability and emotional disturbance impairment (FAC ¶¶ 1, 7, 67), leading to "pervasive feelings of anxiety and depression," as well as "deficits in auditory processing, short term memory, executive functioning, visual motor integration skills, and social language" (*id.* ¶ 21).  These impairments allegedly cause K.C. to "exhibit signs of frustration and being overwhelmed," which often require "trauma-informed de-escalation strategies" to ensure K.C.'s safety. (*Id.*)  K.C. has an Individualized Education Program ("IEP") that places him in a special education program for students with mental health needs. (*Id.* ¶ 22.)  When students from that program are agitated, the school's policy encourages staff to contact the special education teacher to de-escalate the situation. (*Id.*)  K.C.'s IEP provides that school staff is not supposed to contact police in response to an emotional disturbance. (*Id.*)  K.C. alleges that Muys was aware of K.C.'s disabilities and minor status (*id.* ¶ 57), and that a reasonable person in Muys's position should have de-escalated the situation, rather than telling K.C. "no" when asked whether they "could go somewhere and talk about the situation" and ordering K.C. to "leave the office immediately while he was in an agitated state." (*Id.* ¶ 25; *see also id.* ¶ 57.)  As a result of Muys's conduct, K.C. alleges that he suffered emotional and mental distress, and that the escalation of the situation led the school secretary to call the police, resulting in serious injuries

5

to K.C.  (*Id.* ¶¶ 25, 59.)  On a motion to dismiss, these allegations plausibly support that Muys failed to exercise reasonable care under the circumstances and that this failure caused harm to K.C.  *See Doe v. Lawndale Elementary Sch. Dist.*, 287 Cal. Rptr. 3d 154, 165–66 (Ct. App. 2021) ("Once a court determines a defendant owes a duty to a plaintiff, the remaining liability questions—breach as well as factual and legal causation—are usually questions for the jury." (cleaned up)).

        ***Section 504 of the Rehabilitation Act and Title II of the ADA.***  The motion to dismiss the claims against the District under Section 504 of the Rehabilitation Act and Title II of the ADA is denied.  As relevant here, those statutes require a qualified individual with a disability to show that "she was denied a reasonable accommodation that she needs in order to enjoy meaningful access to the benefits of public services."  *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (cleaned up).  That requirement may be met by a showing that the plaintiff was denied "services that she needed to enjoy meaningful access to the benefits of a public education and that were available as reasonable accommodations."  *Id.*  Section 504 and Title II are generally "interpreted coextensively because there is no significant difference in the analysis of rights and obligations created by the two Acts."  *Payan v. L.A. Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021) (cleaned up).  However, whereas Title II prohibits a denial of benefits only "'by reason of' disability," Section 504 imposes a stricter causal standard, "requiring a plaintiff to show a denial . . . 'solely by reason of' disability."  *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1099 (9th Cir. 2013) (quoting 42 U.S.C. § 12132, 29 U.S.C. § 794).

        Contrary to the District's contention, K.C. has adequately alleged discrimination solely by reason of his disability under Section 504.  K.C. alleges that, because of his disabilities, he "requires consistent proactive positive behavior interventions, effective coping skills, and informed de-escalation strategies, which at one point was strongly recommended in his IEP," in order to meaningfully access his public education.  (FAC ¶ 21.)  He further alleges that the District did not meet K.C.'s educational needs as adequately as those of his non-disabled peers

by failing to provide "an appropriate behavior intervention plan that addresses his behavioral needs" and to "properly train[] the staff at [the school] to implement positive behavior intervention strategies and employ appropriate de-escalation strategies for students with mental health needs." (*Id.*; *see also id.* ¶¶ 88, 90, 93, 95, 103.)  At the pleading stage, drawing all reasonable inferences in K.C.'s favor, these allegations support a plausible inference that the District denied K.C. meaningful access to public education solely by reason of K.C.'s disabilities.  *See P.P. v. Compton Unified Sch. Dist.*, 135 F. Supp. 3d 1098, 1105–06, 1114 (C.D. Cal. 2015) ("solely by reason of disability" element sufficiently pleaded where students with trauma-related disabilities alleged that the school district "denied meaningful access to the public education to which they would otherwise be entitled" by failing to "implement reasonable accommodations that would create a trauma-sensitive environment," including training staff on trauma interventions, and therefore "allow these students to enjoy the benefit of public education").  Because the allegations satisfy Section 504's causation element, they necessarily meet Title II's lower standard.  *See A.G.*, 815 F.3d at 1204 n.5.

*Punitive damages*.  The motion to dismiss the request for punitive damages as to Emmi and Muys is denied.  Although Emmi and Muys dispute whether their alleged conduct rises to the level of "oppression, fraud, or malice" required for punitive damages, *see* Cal. Civ. Code § 3294, at this juncture, it is premature to conclude that K.C. is not entitled to such an award as a matter of law.  *See Torres v. Santa Rosa Mem'l Hosp.*, No. C 12-6364 PJH, 2013 WL 4483469, at *3 (N.D. Cal. Aug. 20, 2013); *see also Spinks*, 90 Cal. Rptr. 3d at 492 ("In the usual case, the question of whether the defendant's conduct will support an award of punitive damages is for the trier of fact, since the degree of punishment depends on the peculiar circumstances of each case." (cleaned up)).  However, the motion is granted as to the District, as K.C. concedes in his opposition that punitive damages are not available against the District.

* * *

Based on the foregoing, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.  Because the Court cannot conclude that amendment would be futile, dismissal is

7

with leave to amend.  If K.C. wishes to file an amended complaint correcting the deficiencies identified above, counsel shall do so within **21 days of the date of this order**.  The amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.  If no amended complaint is filed by that date, the claim that was dismissed with leave to amend in this order will remain dismissed, and the case will proceed on the remaining claims.

An initial case management conference is set for **November 13, 2024**, at 10:00 a.m. via videoconference.  The parties shall file a joint case management statement by **November 6, 2024**.

**IT IS SO ORDERED.**

Dated: October 15, 2024

RITA F. LIN
United States District Judge